UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-22236-GAYLES

**HARTFORD STEAM BOILER INSPECTION
AND INSURANCE COMPANY,**
         **Plaintiff,**

    v.

**BRICKELLHOUSE CONDOMINIUM
ASSOCIATION, INC.,**
         **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Brickellhouse Condominium Association, Inc.'s ("Brickellhouse") Motion to Dismiss Complaint [ECF No. 10]. Brickellhouse moves to dismiss this action based on abstention and to dismiss Count I of Plaintiff Hartford Steam Boiler Inspection and Insurance Company's ("HSB") Complaint for failure to state a claim upon which relief can be granted. The Court has carefully considered the Complaint, the briefs of counsel, and the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the Motion to Dismiss shall be granted.

**I.   BACKGROUND**

According to the allegations in the Complaint, HSB issued an insurance policy (the "Policy") to Brickellhouse with a policy period from October 17, 2015, to October 17, 2016. Compl. ¶ 8. The subject property, located at 1300 Brickell Bay Drive in Miami, Florida, utilized a robotic valet parking garage system (the "Robotic Garage"). *Id.* ¶ 9. Shortly after beginning operation of the Robotic Garage, Brickellhouse began experiencing problems retrieving cars in a timely fashion. *Id.* ¶ 10. On November 4, 2015, the Robotic Garage shut down, and it remains non-

operational to date. *Id.* ¶ 12. Brickellhouse filed a claim with HSB on November 18, 2015, and HSB thereafter began investigating the claim. *Id.* ¶¶ 13-14. On January 30, 2016, as part of its investigation, HSB requested an Examination Under Oath. *Id.* ¶ 18. Over the ensuing months, Brickellhouse did not provide HSB with access to the insured and/or its agent for such an examination. *Id.* ¶ 20.

On May 9, 2016, Brickellhouse filed a Petition for Declaratory Relief against HSB, which is currently proceeding before the Complex Business Litigation Division of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *Id.* ¶ 22.[1] Citing to the definitions of "Covered Equipment," "Accident," and "Covered Cause of Loss" contained within the Policy, the petition seeks the state court's determination of numerous issues, including that the breakdown of the Robotic Garage is covered under the Policy. *See* Def.'s Mot. Ex. B. ¶¶ 87-88, 160(m)-(o) (Second Amended Complaint in the state court action).

HSB filed its Complaint in this Court on June 16, 2016 [ECF No. 1]. Also citing to the definitions of "Covered Equipment," "Accident," and "Covered Cause of Loss" contained within the policy, it seeks a declaratory judgment that the Robotic Garage's breakdown ***is not*** covered under the Policy. *See* Compl. ¶ 44; *see also id.* at 11. HSB also asserts a claim against Brickellhouse for breach of contract, alleging that Brickellhouse breached the Policy by filing a Petition for Declaratory Relief in the state court prior to, *inter alia*, submitting to an Examination Under Oath, a condition precedent to filing a lawsuit under the Policy. *See id.* ¶¶ 31-41.

Brickellhouse filed the instant Motion on July 22, 2016 [ECF No. 10]. It argues that HSB's breach of contract claim should be dismissed for failure to state a claim and that this Court should abstain from exercising jurisdiction under the Declaratory Judgment Act.

---

[1] Brickellhouse originally filed its state court complaint against Brickellhouse Holding, LLC, the developer of the subject property, and Harvey Hernandez, a developer-appointed director and President of the Brickellhouse Condominium Association. *See* Def.'s Mot. at 7 n.3 The above-mentioned Petition for Declaratory Relief against HSB was included as part of the Second Amended Complaint filed in that litigation.

## II.     DISCUSSION

### A.     *Breach of Contract Claim*

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Under Florida law, the elements of a breach of contract claim are "(1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). Although HSB alleges the existence of a valid insurance contract and that Brickellhouse allegedly breached that contract by refusing to allow an Examination Under Oath of the insured and/or its agent, it does ***not*** allege that it has been damaged in any way by that breach. Furthermore, in its *ad damnum* clause under Count I, HSB states only that it "requests this Court to enter judgment in its favor and to issue an Order denying coverage for the Defendant's claim." Compl. at 9. Without an allegation of damages, HSB cannot state a claim for breach of contract. Accordingly, the motion to dismiss Count I must be granted.

**B.** *Abstention*

A district court has wide discretion in determining whether to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq. Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995). The Act gives the federal courts only "competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). In *Brillhart*, the Supreme Court explained that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495.

A court may deem concurrent state and federal actions to be parallel "if the parties and issues involved are 'sufficiently similar' in nature." *Houston Specialty Ins. Co. v. La Gazzetta, LLC*, No. 15-21756, 2015 WL 9258096, at *1 (S.D. Fla. Dec. 18, 2015) (quoting *Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLLP*, No. 11-60136, 2011 WL 2436693, at *3 (S.D. Fla. June 14, 2011)). If the court so deems, it may proceed to an analysis under the Eleventh Circuit's *Ameritas* decision, in which that court provided nine factors that a district court should weigh in deciding whether to accept or decline jurisdiction over a declaratory judgment case in light of an ongoing parallel state action:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

4

    (6)    whether there is an alternative remedy that is better or more effective;

    (7)    whether the underlying factual issues are important to an informed resolution of the case;

    (8)    whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

    (9)    whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

411 F.3d at 1331. This list of factors is "neither absolute nor is any one factor controlling." *Id.*

       HSB hinges its entire opposition to Brickellhouse's Motion on the assumption that the "stricter" abstention standard articulated by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), "must be applied" in this case because its Complaint "includes a count for breach of contract." Pl.'s Opp'n at 8. HSB clearly fails to account for the possibility either that the Court would dismiss its breach of contract claim or that the Court would disagree that an analysis under *Colorado River* abstention is the proper one, because it has included no argument in response to Brickellhouse's contention that *Brillhart* abstention applies. As this Court recently articulated, "[a] plaintiff who, in [its] responsive brief, fails to address [its] obligation to object to a point raised by the defendant implicitly concedes that point." *Guzman v. City of Hialeah*, No. 15-23985, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016); *see also Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (per curiam) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (quoting *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001))).

       Upon consideration, and given that HSB (to its detriment) has failed to respond to Brickellhouse's *Brillhart* abstention argument, the Court finds that *Brillhart* abstention applies. First, the parties and issues involved in this action and the state court action are sufficiently similar in nature.

5

The relevant parties to the two actions are identical,[2] and the substantive claim in this action is the mirror image of the pertinent claim in the state court action (based on the same language contained within the Policy), with HSB seeking in this action declaratory relief ***denying*** coverage and Brickellhouse seeking in the state court action declaratory relief ***establishing*** coverage. *See Nationwide Ins. Co. of Am. v. Coastal Chem., Inc.*, No. 13-80021, 2013 WL 3974617, at *3 (S.D. Fla. July 31, 2013).

And second, the *Ameritas* factors favor abstention. For instance, as Chief Judge Moore recently ruled, regarding the first, fifth, and ninth factors:

> [These] factors, which touch on concerns of comity, weigh heavily in favor of abstention. Florida law, not federal law, governs the substantive issues presented in this case, giving Florida a strong interest in having the controversy decided in state court. Indeed, there is no substantive federal nexus to this cause of action—[the plaintiff]'s claim presents only state law issues, and its public policy implications affect only Florida insurance contracts. Given Florida's strong interest in this case and its marginal significance elsewhere, federal jurisdiction over this action would only encroach on the province of the state court. Resolution by a state trial court, with review by a state appellate court, is therefore preferable.

*GEICO Gen. Ins. Co. v. Lacayo*, No. 15-20582, 2015 WL 4464020, at *2 (S.D. Fla. July 21, 2015) (citation omitted). Chief Judge Moore's reasoning as to these factors applies with equal force here. The declaratory claim brought by HSB is brought pursuant to a Florida insurance policy pertaining to the Robotic Garage. No federal law governs HSB's claims and HSB asserts no independent federal causes of action. Florida, therefore, has a much stronger interest in this case, which would be decided under Florida law, than does this Court. *See Mt. Hawley Ins. Co. v. Park Ave. at Metrowest, Ltd.*, No. 13-0556, 2013 WL 6858946, at *4 (M.D. Fla. Dec. 30, 2013) (noting, as to the fifth factor, that "there is an inherent potential for friction between the federal and state courts 'in having double-tracked, near-identical litigation pending in both federal and state courts, such that the

---

[2] That there are other parties to the state court action on unrelated claims that are not present in this action is of no moment. *See GEICO Gen. Ins. Co. v. Lacayo*, No. 15-20582, 2015 WL 4464020, at *3 (S.D. Fla. July 21, 2015).

first court's ruling on a particular issue may have *res judicata* effect on the second court's ability to hear and decide the same issue, even if the second court disagrees with the first court's determinations.'" (quoting *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1241 (S.D. Ala. 2006))).

Furthermore, the eighth factor—addressing whether the state trial court is in a better position to evaluate the underlying factual issues than is the federal court—also influences the conclusion in favor of abstention. The Second Amended Complaint in the state court action asserts eight counts against three defendants, and the coverage issues on which Brickellhouse seeks declaratory judgment are only three of twenty-seven issues Brickellhouse has raised for determination before the state court. *See generally* Def.'s Mot. Ex. B. "The underlying state action is ongoing and the state court, with its added familiarity of the issues, is already assessing the disputed material issues at bar." *Houston Specialty Ins. Co.*, 2015 WL 9258096, at *2. And it is a far better use of judicial economy for the state court to determine these coverage issues as part of the entire litigation than for this Court to determine only a small piece, which also implicates the sixth *Ameritas* factor.

"[T]he Court has no obligation to consider each and every factor on the list . . . ." *Bright House Networks, LLC v. Pinellas County*, No. 14-1237, 2014 WL 4794786, at *8 (M.D. Fla. Sept. 25, 2014); *see also Great Lakes Reinsurance (UK) PLC, TLU Ltd.*, 298 F. App'x 813, 815 (11th Cir. 2008) (per curiam) ("We . . . have upheld a district court's refusal to assert jurisdiction where the district court had considered only two of the factors . . . ."). Accordingly, based on the *Ameritas* factors reviewed, the Court finds that abstention is warranted.

### III.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [ECF No. 10] is **GRANTED** as follows:

(1) Count I of the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted; and

7

(2)   Count II of the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** under the *Brillhart* abstention doctrine.

This action is **CLOSED** and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

8