HARTFORD STEAM BOILER
INSPECTION AND INSURANCE
COMPANY,

      Plaintiff,

v.

BRICKELLHOUSE CONDOMINIUM
ASSOCIATION, INC., a Florida not-for-profit
Corporation,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Brickellhouse Condominium Association, Inc.'s ("Brickellhouse") Motion for Award of Attorney's Fees as to Entitlement Only (hereafter, "Motion for Entitlement to Fees") [D.E. 37]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 43]. For the reasons set forth below, the undersigned respectfully recommends that Brickellhouse's Motion for Entitlement to Fees be GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an insurance policy issued by Plaintiff Hartford Steam Boiler Inspection and Insurance Company ("HSB") to Brickellhouse (hereafter, "the Policy"). See Compl. [D.E. 1 at 2]. Brickellhouse owned and operated a robotic valet parking garage system (hereafter, "Robotic Garage"). Id. After Brickellhouse began experiencing issues with the Robotic Garage and had to shut it down, it filed an insurance claim with HSB. Id. at 2-3.

On May 9, 2016, Brickellhouse filed a complaint against HSB in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, seeking *inter alia* a determination that the breakdown of the Robotic Garage was covered under the Policy (hereafter, "State Court Action"). See Case No. 2016-001652-CA-40 Second Amended Complaint [D.E. 10-2 at 1-39].

On June 16, 2016, HSB filed its Complaint against Brickellhouse in this federal declaratory judgment action pursuant to the Court's diversity jurisdiction seeking: (1) an Order denying coverage for Brickellhouse's claim due to its breach of the Policy;[1] and (2) a declaration that the Robotic Garage's breakdown was not covered under the Policy. See Compl. [D.E. 1].

On July 22, 2016, Brickellhouse filed a Motion to Dismiss Complaint Based on the Brillhart Abstention Doctrine and Motion to Dismiss Count I for Failure to State a Cause of Action (hereafter, "Motion to Dismiss") [D.E. 10]. Brickellhouse argued that the Court should abstain from exercising jurisdiction over the instant case and dismiss the Complaint due to the pendency of the parallel State Court Action, and that HSB's claim for breach of contract was deficient. See Motion to Dismiss [D.E. 10].[2] On July 26, 2016, Brickellhouse supplemented its Motion to Dismiss and stated its intent to seek attorneys' fees pursuant to Fla. Stat. § 627.428(1) (hereafter, "Section 627.428") [D.E. 11].

On September 30, 2016, the Court granted Brickellhouse's Motion to Dismiss and dismissed this action in its entirety without prejudice. See Order [D.E. 29]. The Court held that HSB had failed to state a claim for breach of contract under Florida law because it did not allege

---

[1] Although HSB asserted a claim for breach of contract in Count I of the Complaint, its *ad damnum* clause for Count I stated only that it "requests this Court to enter judgment in its favor and issue an Order denying coverage for [Brickellhouse's] claim." See Compl. [D.E. 1 at 9].

[2] The Brillhart abstention doctrine applies to declaratory judgment actions and gives the District Court broad discretion to determine whether to exercise jurisdiction when there is a parallel case pending in a state court. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942).

damages caused by the purported breach of the Policy. Id. at 3. As to the declaratory action claim, the Court applied the Brillhart abstention doctrine, analyzed the factors set forth by the Eleventh Circuit in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005), and declined to exercise jurisdiction over the case. See Order [D.E. 29 at 4-7].[3]

On February 3, 2017, the parties filed a Joint Motion to Bifurcate the Entitlement Determination to Attorney's Fees, which the Court granted on February 13, 2017 [D.E. 35, 36]. On March 3, 2017, Brickellhouse filed the instant Motion for Entitlement to Fees, arguing that it is entitled to recover attorneys' fees pursuant to Section 627.428 because it successfully defended HSB's declaratory judgment action by obtaining the dismissal of HSB's Complaint. See Motion for Entitlement to Fees [D.E. 37 at 7]. On March 23, 2017, HSB filed its Response to Brickellhouse's Motion for Entitlement to Fees (hereafter, "Response"), arguing that Brickellhouse is not entitled to fees at this time because the merits of the underlying claims are still pending in the State Court Action. See Response [D.E. 38 at 3]. On April 7, 2017, Brickellhouse filed its Reply to HSB's Response [D.E. 41].

## APPLICABLE LAW

In a federal diversity declaratory judgment action concerning a Florida insurance policy, an insured's entitlement to attorneys' fees is determined by Section 627.428. All Underwriters v. Weisberg, 222 F.3d 1309, 1311 (11th Cir. 2000) (holding that Section 627.428 is substantive law under the Erie doctrine). Section 627.428 provides:

> Upon the rendition of a judgment or decree by any of the courts of
> this state against an insurer and in favor of any named or omnibus

---

[3] The Eleventh Circuit set forth nine factors for district courts to consider when applying the Brillhart abstention doctrine. Ameritas, 411 F.3d at 1331. Applying these factors, the District Court concluded that five of the nine factors—(1) Florida's strong interest in the outcome of the case; (2) the potential for increased friction between the federal and state courts; (3) the state court's ability to evaluate the underlying factual issues; (4) the lack of a substantive federal nexus to the cause of action; and (5) the interest of judicial economy—weighed in favor of abstention. See Order [D.E. 29 at 4-7].

insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). "This provision applies both when the insured prevails in a suit it brought against its insurer and when the insured prevails in a suit brought against it by its insurer." Prime Insurance Syndicate, Inc. v. Soil Tech Distributors, Inc., 270 F. App'x 962, 963 (11th Cir. 2008) (citing Roberts v. Carter, 350 So.2d 78, 79 n.6 (Fla. 1977)). The purpose of Section 627.428 is to discourage the contesting of valid insurance claims, reimburse successful insureds for their attorneys' fees when they are compelled to defend or sue to enforce their insurance contracts, and encourage insurers to resolve disputes with insureds without judicial intervention. Jin Zhi Star Lt. LLC v. Am. Zurich Ins. Co., No. 08-61191-CIV, 2009 WL 2899913, at *4 (S.D. Fla. Sept. 9, 2009) (citations omitted).

Section 627.428 does not require an insured party to succeed on the merits of a case in order to recover attorneys' fees. Prime Insurance, 270 F. App'x at 964; Jin Zhi Star, 2009 WL 2899913, at *4. In Prime Insurance, an insurer sought a declaratory judgment against its insured, but the complaint was dismissed for lack of subject matter jurisdiction because the insurer failed to satisfy the amount-in-controversy requirement for diversity jurisdiction. Prime Insurance, 270 F. App'x at 963. The Eleventh Circuit concluded that such a dismissal entitled the insured to attorneys' fees under Section 627.428, even though the Court did not address the merits of the underlying cause of action. Id. at 964 (collecting cases). Thus, the critical inquiry in assessing an insured's entitlement to attorneys' fees pursuant to Section 627.428 is whether the insured "successfully defended [its] case and obtained total and complete recovery through the dismissal

of the action." Travelers Home & Marine Ins. Co. v. Calhoun, No. 5:13-CV-251-OC-22PRL, 2014 WL 1328968, at *7 (M.D. Fla. Apr. 2, 2014) (awarding attorneys' fees to an insured when she obtained dismissal of the insurer's declaratory judgment action on the basis of the Brillhart abstention doctrine). Therefore, whether the Court ruled on the merits of the case is of no moment for purposes of Section 627.428. Calhoun, 2014 WL 1328968, at *7.

## DISCUSSION

Brickellhouse relies primarily on Prime Insurance and Calhoun in support of its contention that it is entitled to attorneys' fees under Section 627.428 because it successfully defended HSB's declaratory judgment action by obtaining the dismissal of HSB's Complaint. See Motion for Entitlement to Fees [D.E. 37 at 7]. Prime Insurance, which is binding on this Court, directs an award of attorneys' fees when an insured obtains dismissal of its insurer's declaratory judgment action. Calhoun, which applied Prime Insurance to facts very similar to the instant case—an insured obtained dismissal of its insurer's complaint based on the Brillhart abstention doctrine—is persuasive.

Like the insured in Calhoun, Brickellhouse has "successfully defended **this** case and obtained total and complete recovery through the dismissal of the action." Calhoun, 2014 WL 1328968, at *7 (emphasis added). Moreover, an award of attorneys' fees in this action, which was so duplicative of the State Court Action that the District Judge declined to exercise jurisdiction over it, comports with Section 627.428's goal of discouraging litigation. See Order [D.E. 29 at 4-7]; Jin Zhi Star, 2009 WL 2899913, at *4. Accordingly, Brickellhouse is entitled to recover its attorneys' fees for this case.

HSB relies primarily on Direct General Ins. Co. v. Gay, No. 4:10-CV-336-SPM, 2011 WL 3159832, at *1 (N.D. Fla. July 26, 2011), in support of its contention that Brickellhouse is

not entitled to fees at this time because the merits of the case are still pending in the State Court Action. See Response [D.E. 38 at 3-4]. Declining to follow the Eleventh Circuit's holding in Prime Insurance, the Gay Court denied as premature an award of attorneys' fees pursuant to Section 627.428 because there was a pending parallel state court declaratory judgment proceeding. Compare Gay, 2011 WL 3159832, at *1, with Prime Insurance, 270 F. App'x at 964. Given the Eleventh Circuit's binding holding in Prime Insurance, the undersigned declines to follow Gay.

### RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Brickellhouse's Motion for Entitlement to Fees [D.E. 37] be GRANTED. Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 8th day of November, 2017.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Darrin P. Gayles
        Counsel of Record