UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THE HARTFORD STEAM BOILER
INSPECTION AND INSURANCE
COMPANY,

    Plaintiff,

v.

BRICKELLHOUSE CONDOMINIUM
ASSOCIATION, INC., a Florida not-for-profit
Corporation,

    Defendant.

CASE NO. 1:16-cv-22236-DPG

## PLAINTIFF, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY'S, OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY ("HSB"), by and through undersigned counsel, pursuant to Local Magistrate Judge Rule 4(b) and Federal Rule of Civil Procedure 72(b), files its objections to the Magistrate Judge's Report and Recommendation ("R&R") filed November 8, 2017. The Magistrate Judge erred in recommending that the Court grant BRICKELLHOUSE CONDOMINIUM ASSOCIATION, INC.'s ("Brickellhouse") Motion for Award of Attorney's Fees as to Entitlement Only [D.E. 37], by:

- Erroneously relying on the analysis of the unpublished Eleventh Circuit opinion in *Prime Ins.*, and disregarding that it may only be considered merely persuasive and **not** binding on this Court (*see* R&R at 5-6).

- Incorrectly concluding that it will not follow the holding in *Gay* because of the "binding" holding in *Prime Ins.* (*see* R&R at 6).

- Even if persuasive, *Calhoun*/*Prime Ins.* should not be followed.

Accordingly, the Court should decline to adopt the R&R. Instead, it should sustain HSB's objections and deny Brickellhouse's Motion for Attorney's Fees in this forum and at this time.

**ARGUMENT**

I. **The Magistrate Judge erroneously relied on the analysis of the unpublished Eleventh Circuit opinion in *Prime*, and disregarded that it may only be considered merely persuasive and <u>not</u> binding on this Court**

Throughout the R&R, Magistrate Judge Reyes' erroneously states that the court case, *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962 (11th Cir. 2008), is binding on this court, and therefore, would govern the outcome of this issue. S*ee* R&R at 5-6. However, *Prime Ins.* is an unpublished Eleventh Circuit opinion. Eleventh Circuit Rule 36-2 provides that "**unpublished opinions are not considered binding precedent**, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (emphasis added). Similarly, Eleventh Circuit Internal Operating Procedure 6 provides, in pertinent part: "Opinions that the panel believes to have no precedential value are not published. Although unpublished opinions may be cited as persuasive authority, they are not considered binding precedent." 11th Cir. R. 36, I.O.P. 6. Likewise, Internal Operating Procedure 7 also notes that "[t]he court generally does not cite to its 'unpublished' opinions because they are not binding precedent." 11th Cir. R. 36, I.O.P. 7.

II. **The Magistrate Judge incorrectly concluded that it will not follow the holding in *Gay* because of the "binding" holding in *Prime Ins*.**

In the discussion section of the R&R, Magistrate Judge Reyes' addresses the two main cases at issue on this case – (1) the *Calhoun* matter, which occurred in the Middle District of Florida and cites to *Prime Ins.*, and (2) the *Gay* matter, which occurred in the Northern District of Florida. *Travelers Home and Marine Ins. Co. v. Calhoun*, No. 5:13-CV-251-OC-22PRL, 2014 WL 1328968 (M.D. Fla. Apr. 2, 2014); *Direct General Insurance Co. v. Gay,* No. 4:10-CV-336-SPM, 2011 WL 3159832 (N.D. Fla. July 26, 2011). Although we concede that *Calhoun* and *Gay* may both be persuasive on this Court, we disagree with Magistrate Judge Reyes' findings that she declines to follow *Gay*, simply because *Prime Ins.* is cited in the *Calhoun* matter, and Eleventh Circuit's

"binding" holding in *Prime Ins*. "Given the Eleventh Circuit's binding holding in Prim e Insurance, the undersigned declines to follow Gay." *See* R&R at 6. As discussed above, *Prime Ins.* is an unpublished Eleventh Circuit opinion, and therefore, not considered binding precedent.

### III. Even if persuasive, *Calhoun/Prime Ins.* should not be followed.

Defendants are relying on *Calhoun*, which is factually distinct from the case at hand and should not be applied in this instant matter. *Travelers Home & Marine Ins. Co. v. Calhoun*, 2014 WL 1328968 (M.D. Fla. Apr. 2, 2014). On June 30, 2011, Frank Calhoun was driving a golf cart, when he was struck by a motor vehicle driven by another individual. *Pl.'s Resp. to Def. Mot. to Dismiss,* 2013 WL 6173729 (M.D.Fla. Aug. 15, 2013) . Mr. Calhoun's injuries from this accident ultimately led to his death. Mr. Calhoun was insured under an automobile insurance policy, which was issued by Travelers, and afforded Calhoun UM/UIM coverage in the amounts of $100,000 per person/$300,000 per occurrence. *Id.* Subsequently, Calhoun filed a complaint against Travelers for underinsured motorist coverage in state court, and a jury returned a verdict for compensatory damages in favor of Calhoun for $3,500,000, which was in excess of the available UM policy limits. *Id.* Importantly, Travelers never questioned coverage of the UM Claim. Soon thereafter, Calhoun filed a Motion for Leave to Amend her Complaint, which asserted a post-verdict claim against Travelers for bad faith. *Id.* Travelers sought a declaration that it had properly discharged its contractual obligations in handling the claim for uninsured motorist/underinsured motorist coverage, and that it did not act in bad faith in handling the claim, and that it was not liable for any amount above the $100,000 policy limit. *Id.*

Although the Middle District of Florida, using the abstention doctrine, dismissed the declaratory judgment action, and awarded attorney's fees, this case **is very different** to the case at hand. *Calhoun*, 2014 WL 1328968 (M.D. Fla. Apr. 2, 2014). Specifically, the insurance carrier in

*Calhoun* never disputed the fact that there was coverage in this matter, which is not the case in the Brickellhouse matter. The Travelers policy provided coverage in the underlying matter, and the outstanding issue was whether or not Travelers acted in bad faith in handling the claim, after the underlying action attained a jury verdict in the personal injury lawsuit. In the instant matter, the threshold coverage issue has yet to be resolved – whether or not the HSB policy provides coverage for the claims asserted. The issue contemplated by 627.428 is the insured's ability to obtain coverage, an issue this Court has abstained from deciding in favor of the same or similar issue in state court. As such, Brickellhouse is not entitled to attorney's fees, <u>at this point in the proceedings</u>, as the state court case involving coverage is still ***pending***.

On the other hand, in *Gay,* which is the most analogous to the case at hand, Direct General Insurance Company filed a declaration judgment action challenging the threshold question of coverage to the Defendants. Following the court's dismissal of a declaratory judgment action, the determination of whether Defendants are prevailing parties entitled to fees was **premature because there was a pending parallel state declaratory judgment proceeding**. 2011 WL 3159832, at *1 (emphasis added). The court further commented that a party is not automatically entitled to fees under Section 627.428 when a complaint is dismissed; rather, "[t]he Court must still engage in a determination of whether, under the circumstances of this case, Defendant can truly be said to have prevailed such that it qualifies for an award of fees." *Id*. In *Gay,* the court declined to follow the case of *Prime Ins.*, and precisely noted that in *Prime Ins.* "there was no mention of a pending state proceeding, an important factual distinction from the present case." *Id*. The same is true here.

While *Gay* references prevailing parties, which is not the correct standard of determining entitlement to fees under Section 627.428, *Gay* stood for the position that in a first party insurance claim involving a threshold coverage issue, a party's entitlement to fees was premature until the

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

conclusion of the threshold coverage issue. The *Calhoun* matter, on the other hand, the insurer never questioned coverage and simply involved a continuation for extra contractual obligations under the insurer's policy.

The federal court's dismissal in this case (like *Gay*) merely decided the issue of the appropriate venue for HSB's claims to be heard – whether state or federal court – and in no way addressed the merits of the parties claims or the underlying action. The dismissal did not foreclose, prevent, or even frustrate the possibility that HSB might ultimately succeed on its claims in state court. Therefore, HSB disputes Brickellhouse's entitlement to attorney's fees <u>at this juncture</u> pending the outcome of the state court matter.

## **CONCLUSION**

For the foregoing reasons, the Court should reject the Magistrate Judge's Report and Recommendation [D.E. 45], and deny Brickellhouse's Motion for Attorney's Fees.

Dated: November 21, 2017

                                        Respectfully submitted,

                                        /s/ Rory Eric Jurman
                                        Rory Eric Jurman
                                        Fla. Bar No. 194646
                                        Email: rjurman@fowler-white.com

                                        Stephen R. Gross, B.C.S.
                                        Fla. Bar No. 27849
                                        Email: sgross@fowler-white.com

                                        FOWLER WHITE BURNETT, P.A.
                                        One Financial Plaza, Suite 2100
                                        100 Southeast Third Avenue
                                        Fort Lauderdale, Florida 33394
                                        Telephone:   (954) 377-8100
                                        Facsimile:    (954) 377-8101

-5-

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                               s/ Rory Eric Jurman
                                               Rory Eric Jurman

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

## SERVICE LIST

Helio Pedro De La Torre, Esq.
Siegfried, Rivera, Lerner, et al
201 Alhambra Circle, S-1102
Coral Gables, FL 33134
E-Mail: hdelatorre@srhl-law.com; lbray@srhl-law.com;llehr@srhl-law.com;
ofernandez@srhl-law.com
Telephone: (305) 442-3334
Facsimile: (305) 443-3292
Attorney for HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY

Mr. Craig M. Greene
Kramer, Green, Zuckerman, Greene & Buchsbaum, P.A.
4000 Hollywood Blvd.
Suite 485 South
Hollywood, FL 33021
E-Mail: Dbirchall@kramerGreen.com;
Cgreene@KramerGreen.com;
Jnapoli@kramergreen.com
Telephone: (954) 966-2112
Facsimile: (954) 981-1605
Attorney for BRICKELLHOUSE CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit Corporation

Russell Landy, Esq,
Damien & Valori LLP
1000 Brickell Avenue,
Suite 1020
Miami, Florida 33131
E-Mail: rlandy@dvllp.com;
aleonard@dvllp.com; phovispo@dvllp.com
rlandy@dvllp.com
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
Attorney for BRICKELLHOUSE CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit Corporation

Ronald Lowy, Esq.
Lowy and Cook, P.A.
169 E. Flagler St.
Suite 700
Miami, FL 33131
E-Mail: ronlowy@lowypa.com;
jenelle@lowypa.com; elizabeth@lowypa.com
Telephone: (305) 371-5585
Facsimile: (305) 371-5563
Attorney for BH HOLDING LLC AND HARVEY HERNANDEZ

Mark J. Mintz, Esq.
Mintz Truppman, P.A.
1700 Sans Souci Boulevard
North Miami, FL 33181
E-Mail: mintz@mintztruppman.com;
cheryl@mintztruppman.com
Telephone: (305) 893-5506
Facsimile: (305) 893-5511
Attorney for BRICKELLHOUSE CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit Corporation

4842-4502-5108, v. 1

-7-

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100