UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-22236-CIV-GAYLES/OTAZO-REYES

**THE HARTFORD STEAM BOILER
INSPECTION AND INSURANCE
COMPANY, INC.,**

        Plaintiff,

v.

**BRICKELLHOUSE CONDOMINIUM
ASSOCIATION, INC.,**

        Defendant.       /

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation [ECF No. 45]. Judge Otazo-Reyes recommends that Defendant's Motion for Award of Attorney's Fees (Entitlement Only) [ECF No. 37] ("Motion") be granted. Plaintiff timely objected to the Magistrate Judge's Report and Recommendation. [ECF No. 46].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a magistrate judge's report has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). The Court has undertaken a *de novo* review of the record and the relevant legal authority. For the reasons that follow, the Court declines to adopt the Magistrate Judge's recommendation and the Motion is denied.

### I.    BACKGROUND

Brickellhouse Condominium Association, Inc. ("Brickellhouse") holds an insurance policy with the Hartford Steam Boiler Inspection and Insurance Company, Inc. ("HSB"). In June 2016, HSB filed the instant action alleging breach of insurance contract and seeking a declarato-

ry judgment that its policy does not cover a robotic garage operated at a Brickellhouse property. [ECF No. 1]. Because there was a pending state court proceeding to determine the central coverage issue, Brickellhouse moved to dismiss the declaratory judgment cause of action based on the *Brillhart*[1] abstention doctrine. [ECF No. 10]. Brickellhouse likewise moved to dismiss the breach of contract count for failure to state a claim as HSB had not pled damages. The Court granted Brickellhouse's motion and dismissed the action. [ECF No. 29].

After the Court granted the parties' Joint Motion to Bifurcate the Entitlement Determination to Attorney's Fees [*see* ECF Nos. 35 & 36], Brickellhouse filed its Motion for Award of Attorney's Fees (Entitlement Only) [ECF No. 37], arguing that it is entitled to attorney's fees pursuant to Florida Statute § 627.428(1) because it obtained a dismissal of its insurer's declaratory judgment action. The Motion was referred to Judge Otazo-Reyes for a report and recommendation. [ECF No. 43].

## II. DISCUSSION

Florida law provides that insureds who obtain favorable judgments against their insurers are entitled to reasonable attorney's fees:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). The plain language of the statute requires the "rendition of a judgment or decree . . . against an insurer and in favor of" an insured, and contemplates that such fees will be awarded for "prosecuting the suit in which the *recovery* is had." Fla. Stat. § 627.428(1) (empha-

---

[1] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).

sis added). Brickellhouse nevertheless argues that a dismissal that does not go to the merits and in a circumstance where no recovery is had triggers the statutory entitlement.

Where a federal court's jurisdiction is based exclusively on diversity of citizenship, the court looks to state law to determine entitlement to attorney's fees. *See All Underwriters v. Weisberg*, 222 F.3d 1309, 1311 (11th Cir. 2000). According to the Florida Supreme Court, "[t]he purpose of [§ 627.428] is to discourage contesting of *valid claims* of insureds against insurance companies . . . and to reimburse successful insureds reasonably for their outlays for attorney's fees when they are compelled to defend or to sue to enforce their contracts." *Roberts v. Carter*, 350 So. 2d 78, 79 (Fla. 1977) (quoting *Wilder v. Wright*, 269 So. 2d 434, 436 (Fla. 2d DCA 1972)) (alterations in original) (emphasis added). Further, because "an award of attorneys' fees is in derogation of the common law," "statutes allowing for the award of such fees should be strictly construed." *Roberts*, 350 So. 2d at 78–79 (quoting *Sunbeam Enters., Inc. v. Upthegrove*, 316 So. 2d 34, 37 (Fla. 1975)).

In limited circumstances and in support of the statute's purpose as articulated by Florida courts, insureds may be entitled to fees even in the absence of a formal judgment. The Florida Supreme Court has held that where an insurer voluntarily pays a claim after litigation has commenced, the payment of the claim is "the functional equivalent of a confession of judgment or a verdict in favor of the insured." *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983). Thus, while there need not be an adjudication by a court on the merits to trigger the statute, Florida law requires a judgment or its functional equivalent in the form of some recovery. *Cf. id.*; *Guarantee Ins. Co. v. Worker's Temporary Staffing, Inc.*, 61 So. 3d 1233, 1235 (Fla. 5th DCA 2011); *O.A.G. Corp. v. Britamco Underwriters, Inc.*, 707 So. 2d 785, 787 (Fla. 3d DCA 1998) ("Under Section 627.428, an insured must obtain some form of recovery due to the volun-

tary dismissal to be considered a prevailing party for attorney's fees. . . . Simply, the insureds are prematurely seeking attorney's fees prior to a determination regarding coverage in their favor and/or payment of the claim.").

In support of its Motion, Brickellhouse relies primarily on *Prime Insurance Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962 (11th Cir. 2008),[2] and on *Travelers Home and Marine Insurance Company v. Calhoun*, No. 13-cv-251, 2014 WL 1328968 (M.D. Fla. Apr. 2, 2014), for the proposition that a dismissal that does not go to the merits but is "in favor of" the insured triggers the statute. Plaintiff, meanwhile, relies on *Direct General Insurance Company v. Gay*, No. 10-cv-336, 2011 WL 3159832 (N.D. Fla. July 26, 2011), for the proposition that an award of attorney's fees would be premature in light of a pending parallel state court action.

The Court agrees with HSB that the facts here are most analogous to those of *Gay*. In that case, the district court held that an award of attorney's fees under § 627.428 was premature where there was a pending parallel state court proceeding that had yet to reach the central coverage issue underlying the dispute. *Id.* at *1. As the court noted there, *Prime Insurance*, which did not involve a parallel state court action, is readily distinguishable from cases in which there are ongoing state court proceedings. *Id. Prime Insurance* need not stand for the sweeping proposition that any dismissal of an insurer's declaratory judgment action in federal court entitles an insured to attorney's fees under § 627.428(1). *Id.* Although Florida courts have not addressed the precise scenario here—where a declaratory judgment action in federal court is dismissed based on abstention in light of a parallel state court action—the Florida Supreme Court's judgment-or-its-functional-equivalent framework controls the outcome here. The Court concludes that, as in

---

[2] As a preliminary matter, the Court agrees with HSB's objection to the Magistrate Judge's characterization of *Prime Insurance* as binding precedent. Because *Prime Insurance* is an unpublished opinion, it is merely persuasive, rather than binding on this Court. *See* 11th Cir. R. 36-2; *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016).

4

*Gay*, the dismissal here, while the merits of the dispute are pending in a parallel state court action, is not a judgment or its functional equivalent under Florida law and does not trigger the statutory entitlement.

Finally, the Court notes that if Brickellhouse prevails in the underlying state court action, that court may determine that fees expended in this parallel action are compensable. The Court finds only that such a determination would be premature at this juncture.

## III. CONCLUSION

Based on the foregoing, after careful consideration, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Award of Attorney's Fees (Entitlement Only) [ECF No. 37] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of December, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE